Statement of the case.

No. 2551

WILLIAM TAYLOR *v.* THE STATE.

1. THEFT—INDICTMENT—VARIANCE.—The indictment alleged the name
of the owner of the stolen property to be Burris. The proof showed
it to be Burrows. The conviction is assailed upon the ground of va-
riance between the ownership as alleged and proved. But *held* that,
as the proof further shows that the owner was commonly known as
Burris, the variance is not material.

SAME—PRACTICE—ALIBI—NEW TRIAL.—The only inculpatory evidence
against the accused was the testimony of two witnesses to the effect
that, subsequent to the theft of the property, they saw the same re-
moved from a place of concealment by three parties, one of whom they
believed, but were not positive, was the defendant. In anticipation of
this evidence, the defendant applied for a continuance to secure a wit-
ness by whom to establish his presence at another place at the time
the property was removed from the place of concealment. Being denied
the continuance, and convicted, the defendant asked for new trial be-
cause of the ruling of the court upon his application for continuance.
The new trial was refused upon the ground (as was the continuance)
that the proposed alibi did not cover the time of the theft of the prop-
erty. *Held*, that the action of the trial court was error, not only be-
cause of the inherent weakness of the inculpatory proof, but because
an alibi is available, not merely to meet the main issue in the case, but
any criminative fact relied upon by the State.

APPEAL from the District Court of McCulloch. Tried be-
low before the Hon. J. C. Randolph.

The conviction in this case was for the theft of a horse, and
the penalty assessed by the verdict was a term of five years
in the penitentiary.

The only testimony in the record in any way connecting the
defendant with the alleged stolen horse is the testimony of the
State's witnesses Webster and Pride, the substance of whose
narratives is set forth in the opinion of the court. The evi-
dence otherwise discloses the disappearance of the horse from
the possession of the owner and its subsequent recovery by
him.

No brief on file for the appellant

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. This conviction is for the theft of a horse, the property of one Burris. The indictment alleged that the horse was the property of Burris, whose first name was unknown to the grand jurors. The name of the owner was not Burris, but Burrows. Appellant claims a variance. Burris being alleged as the owner, this must be proved. How? Either by proof that the owner's name was in fact Burris, or that he was commonly known by that name. If commonly known by that name, then for the purposes of this prosecution it would be his name, the allegation would be true, and hence there would be no variance. The record contains ample proof that the owner of the horse was commonly known by the name of Burris.

On the twenty-third of January, 1887, on Sunday evening, in a deep hollow, in a secluded place, the horse alleged to have been stolen was found, tied to a bush. Witnesses Webster and Pride, believing that the horse had been stolen and hidden in this place, concealed themselves in a kind of thicket about sixty or seventy-five yards from the horse, to watch and detect the thief. They stated that about sundown of the same evening they saw three men come and get the horse and take him away. Webster states that he took Lee Anderson to be one of the party, and that "he took defendant to be one." The other he did not know. Anderson got the horse. The man he took to be defendant was riding a sorrel horse pony. Defendant owned a sorrel pony. The man he took to be defendant was riding a sorrel pony which he took to be defendant's pony. Webster had known defendant about six months, and to the best of his belief defendant was one of the party.

Pride swears to the same facts substantially, with this difference: He states that he "took" defendant to be one of the party, but would not be positive. The others he took to be Richard and Lee Anderson. That he had known defendant four or five years.

If appellant was one of the three men who were seen by Webster and Pride on the occasion when the horse was taken from its place of concealment, on Sunday evening about sun down, under the facts of this case the verdict of the jury should be sustained. But the criminative facts, the facts from which the main fact is to be inferred, must be clearly proven; because, if a mistake should be made in these (the criminative facts) it

will be carried into the conclusion, and no conclusion can possibly be more certain than the facts from which it is drawn.

It is evident that neither Webster nor Pride were certain that appellant was one of the party; nor were they certain that the sorrel pony was defendant's pony. Now, it would not be correct reasoning to presume a certainty, to wit, the guilt of the accused, from uncertainties. (Burrell on Cir. Ev., 136.) Eliminate this transaction from the case, and there remains no fact from which anything appears but suspicion.

To show that Webster and Pride were not correct in believing that appellant was with the Andersons when the horse was taken from the place where concealed, on Sunday evening, appellant moved to continue the case for the want of a witness by whom he states he could prove that he was at another place when the horse was taken from the gully on Sunday at sun down. The learned trial judge refused to continue, and overruled the motion for new trial upon this ground for the reason that the alibi did not cover the time when the horse was stolen. This may be true, and would be sound reasoning if the State had testimony to the actual taking of the horse—the theft. But the State relies for conviction upon connecting appellant with the horse at the gully on Sunday evening after the horse had been stolen. This being the case, clearly appellant should have the right to meet this matter by showing that he was not there, but at another place; and this he would have the right to do if the horse had been stolen long prior to the time when found concealed in the gully. An alibi can be relied upon to disprove or surround with doubt, not only the main fact, but any criminative fact relied upon for conviction.

We are of opinion that a new trial should have been awarded appellant to enable him to procure the testimony of the witness, and as he states he can, show that he was not with the Andersons when they got the horse from its place of concealment

We will not pass upon the sufficiency of the evidence to support the verdict; holding that its inherent weakness rendered the action of the court in refusing a new trial based upon the motion to continue the case, error for which the judgment must be reversed.

The other grounds relied upon for a reversal of the judgment are not well taken.

*Reversed and remanded.*

Opinion delivered January 16, 1889.